**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)                                  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(T) 215-545-8917
(F) 215-575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NELSON ALLENDE** | : | |
| **114 Lawrence Drive** | : | **Civil Action No.** |
| **Gilbertsville, PA 19525** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **LUX GLOBAL LABEL** | : | |
| **COMPANY, LLC** | : | **COMPLAINT AND JURY** |
| **2025 Joshua Road** | : | **DEMAND** |
| **Lafayette Hill, PA 19444** | : | |
| **Defendant.** | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Nelson Allende (hereinafter "Plaintiff), by and through undersigned counsel,

hereby files this complaint against Defendant, Lux Global Label Company, LLC (hereinafter

"Defendant") alleging that his rights pursuant to the Americans with Disabilities Act, as

amended, ("ADA") and the Pennsylvania Human Relations Act ("PHRA") have been violated

and avers:

## PARTIES

1. Plaintiff, Nelson Allende, is an adult domiciled at the above captioned address.

2. Plaintiff initiated this action to recover damages under the ADA and PHRA.

3. Upon information and belief, Lux Global Label Company LLC is a printing packaging company that is located at 2025 Joshua Road, Lafayette Hill, PA 19444.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the practice of treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil

Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

13. On January 26, 2018, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Defendant.

14. The Charge was assigned a Charge Number of 530-2018-01858 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

15. Plaintiff received a Notice of Right to Sue relative to the Charge and that Notice is dated March 14, 2018. He received the notice by mail.

16. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. In 2008, National Label Company hired Plaintiff as a Machine Operator.

20. Plaintiff was well qualified for his position and performed well.

21. In March 2017, Defendant purchased National Label Company.

22. In September 2016, Plaintiff was diagnosed with bladder cancer by Dr. Brian Rosenthal, Urologist.

23. As a result of his disability, Plaintiff is substantially limited in the major life activity of bladder function, among others.

24. In October 2016, Plaintiff had a procedure conducted by Dr. Rosenthal to treat his bladder cancer.

25. Plaintiff was out of work for one (1) week due to this procedure before he returned back to work at full-duty.

26. On December 29, 2016, Plaintiff was forced to go on a medical leave of absence.

27. On January 4, 2017, Plaintiff had a second surgery performed by Dr. Rosenthal to treat his bladder cancer.

28. In February 2017, Plaintiff called Defendant and notified Francis Werkiser, Human Resource Representative, Lina Afzali, Supervisor, and Michael Westphal, Department Manager, that he had to go out on short-term disability.

29. Up until then, Plaintiff had utilized his accrued PTO-time.

30. Defendant sent Plaintiff the short-term disability paperwork and Plaintiff gave it to Dr. Marc C. Smaldone, Urologic Oncologist.

4

31. Dr. Smaldone filled out Plaintiff's short-term disability paperwork and sent it to Defendant's Human Resource Department.

32. Defendant approved Plaintiff's short-term disability request until July 20, 2017.

33. On April 20, 2017, Plaintiff had a third operation to treat his bladder cancer.

34. On July 5, 2017, Dr. Smaldone determined that Plaintiff would not be able to return to work on July 20, 2017, as previously believed.

35. Dr. Smaldone sent a note stating that Plaintiff could not return to work and was to remain on disability to Defendant's Human Resource Department.

36. On July 20, 2017, Plaintiff's short-term disability rolled-over to long-term disability.

37. On July 27, 2017, Steve Masa, Department Manager, and Michelle LNU, Human Resource Representative, called Plaintiff and informed him that he was terminated due to "restructuring."

38. Defendant terminated Plaintiff's health benefits on July 31, 2017, effectively preventing Plaintiff from getting medical treatment for his bladder cancer.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

41. Plaintiff was qualified to perform his position with or without reasonable accommodations.

5

42. Plaintiff requested a reasonable accommodation; specifically, to be provided with an extension of his leave of absence to allow him to receive additional treatment to be medically cleared to return to work.

43. With this reasonable accommodation, Plaintiff would be able to perform the essential functions of his position.

44. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

45. Defendant failed to engage in the interactive process with Plaintiff to determine whether Plaintiff could perform the essential functions of his position with or without a reasonable accommodation prior to terminating his employment.

46. Defendant failed to offer, or consider, any reasonable accommodation in lieu of termination.

47. Plaintiff was subject to adverse employment actions, including, but not limited to, termination.

48. Circumstances indicate that Plaintiff's disabilities were the reason for the adverse employment action.

49. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

50. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

51. The purported reason for Defendant's decision is pretextual.

52. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

6

53. The above actions by Defendant constitute disability discrimination, a failure to accommodate, and a failure to engage in the required interactive process.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

56. Plaintiff was qualified to perform his position with or without reasonable accommodations.

57. Plaintiff requested a reasonable accommodation; specifically, to be provided with an extension of his leave of absence to allow him to receive additional treatment to be medically cleared to return to work.

58. With this reasonable accommodation, Plaintiff would be able to perform the essential functions of his position.

59. Plaintiff's requested accommodation was reasonable, and it would not impose an undue hardship on Defendant.

60. Defendant failed to engage in the interactive process with Plaintiff to determine whether Plaintiff could perform the essential functions of his position with or without a reasonable accommodation prior to terminating his employment.

7

61. Defendant failed to offer, or consider, any reasonable accommodation in lieu of termination.

62. Plaintiff was subject to adverse employment actions, including, but not limited to, termination.

63. Circumstances indicate that Plaintiff's disabilities were the reason for the adverse employment action.

64. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

65. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

66. The purported reason for Defendant's decision is pretextual.

67. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

68. The above actions by Defendant constitute disability discrimination, a failure to accommodate, and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Nelson Allende, requests that the Court grant him the following relief against Defendant:

(a)    Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b)    Compensatory damages;

(c)    Punitive damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

8

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

Respectfully Submitted,

**KOLLER LAW, LLC**

Date: June 13, 2018          **By:**    David M. Koller

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*